**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| JOSEPH MARTINO, | : |
| Petitioner | : Civ. Action No. 16-2926 (RMB) |
| v. | : **OPINION** |
| UNITED STATES OF AMERICA, | : |
| Respondent | : |

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Mot. to Vacate, ECF No. 1.) For the reasons discussed below, the Court denies the motion.

I. BACKGROUND

Petitioner was charged in a Superseding Information with ten counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of using, carrying and possessing a firearm in connection with a crime of violence, specifically a bank robbery on May 9, 2002, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i). United States v. Joseph Martino, Crim. No. 03-057 (RMB) (ECF No. 16.) Petitioner pleaded guilty to all counts of the Information. (Id., ECF Nos. 19, 20.) Upon entering his plea to the § 924(c) charge, Count Eleven of the Superseding Information, Petitioner stated he

displayed a handgun and threatened tellers while robbing Fleet Bank in Medford, New Jersey on May 9, 2002. (Plea Hearing, ECF No. 23 at 54-56.)

On July 28, 2003, the Hon. Jerome B. Simandle imposed an aggregate prison sentence of 270 months, consisting of concurrent 210-month terms on each of the ten bank robbery counts and a consecutive 60-month term of imprisonment on the § 924(c) count, and three years of supervised release. United States v. Joseph Martino, Crim. No. 03-057 (RMB) (ECF No. 21.)

Petitioner filed the present § 2255 motion on May 19, 2016, based on the Supreme Court's 2015 decision in United States v. Johnson, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held the definition of "crime of violence" in the "residual clause" of Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.

The Court stayed Petitioner's motion pending the Supreme Court's decisions in Sessions v. Dimaya, 138 S. Ct. 1204 (2018) and United States v. Davis, 139 S. Ct. 2319 (June 24, 2019). (Order, ECF No. 9.) In Sessions, the Supreme Court held that the residual clause of 18 U.S.C. § 16, the definition of "crime of violence" incorporated in the Immigration and Nationality Act's definition of aggravated felony, was also unconstitutionally vague. Subsequently, in Davis, the Supreme Court invalidated

another similarly-worded definition of "crime of violence" found in the residual clause of 18 U.S.C. § 924(c)(3)(B).

II. DISCUSSION

    A.    <u>Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255</u>

After the Supreme Court struck down the residual clause definition of crime of violence in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague, Petitioner filed a motion to vacate his conviction under the residual clause definition of crime of violence of Section 924(c). (Mot. to Vacate, ECF No. 1.) Petitioner contends that none of his unarmed bank robbery convictions under 18 § 2113(a) qualify as "crimes of violence" under § 924(c) because they (1) do not have as an element the use, attempted use, or threat of violent physical force, and/or 2) do not require the intentional use, attempted use, or threatened use of violent physical force. (<u>Id.</u> at 6-11.)

    B.    <u>Respondent's Answer</u>

Respondent submits that subsequent to Petitioner filing his § 2255 motion, the Third Circuit held that bank robbery in violation of 18 U.S.C. § 2113(a) is categorically a crime of violence under the elements clause of § 924(c)(3)(A). (Answer, ECF No. 14 at 4, quoting <u>United States v. Johnson</u>, 899 F.3d 191, 204 (3d Cir. 2018) (holding that conviction for armed bank robbery pursuant to § 2113(d) is a crime of violence, and concluding that

3

the least culpable unarmed bank robbery committed by "intimidation" in violation of § 2113(a) is likewise a crime of violence under § 924(c)(3)(A)'s elements clause); see also United States v. Wilson, 880 F.3d 80, 88 (3d Cir. 2018) ("We thus join our sister circuits in holding that bank robbery by intimidation, as set forth in § 2113(a), categorically qualifies as a crime of violence under [U.S.S.G.] § 4B1.2(a)'s 'elements' clause."))

C. Analysis

The first paragraph of 18 U.S.C. § 2113(a) prohibits robbing a bank, providing a maximum twenty-year sentence for a defendant who:

> by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . .

18 U.S.C. Section 924(c)(1) provides for an enhanced sentence to any person who, during and in relation to any "crime of violence" uses or carries a firearm. Section 924(c)(3) defines "crime of violence" for purposes of § 924(c) as an "offense that is a felony" and –

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or

>property of another may be used in the course
>of committing the offense.

In <u>United States v. Davis</u>, the Supreme Court invalidated subsection (B) of § 924(c)(3), meaning that a predicate crime of violence may now qualify only under § 924(c)(3)(A), the "elements clause."

Defendants are correct that the Third Circuit has decided the issue presented in Petitioner's § 2255 motion. Not only is armed bank robbery a crime of violence, even the least culpable unarmed bank robbery committed by intimidation is a crime of violence under § 2113(a). <u>Johnson</u>, 899 F.3d 191, 203-4 (3d Cir. 2018); <u>Wilson</u>, 880 F.3d at 87-88. Petitioner pleaded guilty to Count Eleven of the Superseding Indictment, agreeing that he carried and displayed a handgun and threatened the tellers while robbing Fleet Bank in Medford, New Jersey on May 9, 2002. (Plea Hearing, ECF No. 23 at 54-56.) Therefore, Petitioner is not entitled to relief on his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(B), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockerell, 537 U.S. 322, 327 (2003).

Jurists of reason could not disagree with this Court's resolution of Petitioner's challenge to his conviction under 18 U.S.C. § 924(c)(3)(A) because the issue was resolved by binding Third Circuit precedent. Therefore, the Court denies a certificate of appealability.

IV. CONCLUSION

For the reasons discussed above, Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is denied, and a certificate of appealability shall not issue.

An appropriate Order follows.

Dated: January 15, 2020

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**